JOHN McELROY *v.* GEORGE DUNN.

**Principal and Surety—Depositions Taken in Another Case are Competent Evidence that Party then Claimed to be Principal and not Surety.**

The depositions taken by Allen & Dunn in their suit with Boynton are admissible as evidence in this case, to show that at that time Dunn was asserting that he and Allen were partners in the purchase of the mules.

**Principal and Surety—Statute of Limitation—Estoppel.**

The conduct of the appellant was such as to induce appellant to believe that he was a principal in the note and not surety, therefore he is estopped to plead the statute of limitation of seven years.

APPEAL FROM MARION CIRCUIT COURT.

January 12, 1872.

OPINION BY JUDGE LINDSAY:

The depositions taken by Allen and Dunn, to be read as evidence in their suits with Boynton, were held to be admissible as evidence in this case, to show that at the time such depositions were taken Dunn was asserting that he and Allen were partners in the purchase of the mules from McElroy.

Of course it was the province of the jury to consider the depositions themselves, the conduct of Dunn in taking them and other circumstances attending their taking, and to determine

therefrom whether or not he was then either expressly or impliedly making such assertion.

It seems, however, that the deposition of McElroy was taken, and he insists that Dunn attempted to prove the fact of the partnership purchase by Allen and himself of his (McElroy) mules. That such attempt was calculated to induce him to conclude that Dunn did make the purchase as a partner, and, therefore, that he was a principal and not a surety on the note given for the mules.

That even if he was mistaken in this conclusion, that it was the natural and legitimate result of Dunn's conduct, and that the latter is estopped as to him from denying that such is the fact.

The third instruction given at the instance of McElroy is based upon this view of the law. By it the jury were told that if they believed from the evidence that Dunn had McElroy's deposition taken and proved by him that he (Dunn) purchased the latter's mules as a partner of Allen, that he knew that McElroy had so sworn and failed to notify him that he was only a surety and not a principal in the note for suit to be brought thereon before the seven years' limitation had become complete, then the law was for McElroy.

We are of opinion that the instruction was proper. If Dunn, to advance his own interest in the suit with Boynton, misled McElroy and lulled him into the belief that he was a principal in the note, and permitted him to labor under this mistake until limitation had run, he cannot be allowed to rely upon such pleas.

Instruction No. 4, given for appellee, although correct in one view of the case, should have been so modified as to have been made consistent with Instruction No. 3. As it was given, the two instructions are conflicting and were well calculated to mislead the jury.

For this error alone the judgment is reversed.

The cause is remanded for a new trial.

*W. B. Harrison, for appellee.*